United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ABDUL YARO LECKY,

    Plaintiff,

v.

ALBERTO GONZALES, et al.,

    Defendants.

No. C 07-0007 SI

**ORDER GRANTING DEFENDANTS' MOTION FOR REMAND**

Defendants' motion for remand is scheduled for a hearing on June 29, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**BACKGROUND**

Plaintiff Abdul Yaro Lecky became a lawful permanent resident on July 3, 1997. *See* Hadary Decl. ¶ 13. Plaintiff filed an "N-400" Application for Naturalization on April 22, 2004. *Id*. An FBI name check was initiated on May 12, 2004. *Id*. The United States Citizenship and Immigration Services ("USCIS") interviewed plaintiff regarding his application on December 23, 2004. *Id*.

On January 3, 2007, plaintiff filed a complaint in this Court. The complaint alleges that USCIS has not adjudicated plaintiff's naturalization application because USCIS has not received the results of background checks. Complaint ¶ 20, Ex. C & D. On April 5, 2007, USCIS requested that the FBI expedite plaintiff's name check. *See* Hadary Decl. ¶ 13. According to USCIS, as soon as the required security checks are completed, USCIS will adjudicate plaintiff's application for naturalization. *Id*.

**DISCUSSION**

8 U.S.C. § 1447(b) provides for judicial review of a naturalization petition in which a decision has not been made within 120 days of examination. That section provides,

> (b) Request for hearing before district court
>
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section,[1] the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Courts have determined that the "examination" referred to in this provision is the initial interview scheduled under 8 U.S.C. § 1446. *See U.S.A. v. Hovsepian*, 359 F.3d 1144, 1151 (9th Cir. 2004); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679 (W.D. Pa. 2005). Here, plaintiff's initial interview took place on December 23, 2004, more than 120 days before plaintiff filed the instant action.

Defendants have moved to remand this case to the USCIS with instructions that the agency adjudicate plaintiff's naturalization application promptly after receiving the results of the background checks. Plaintiff has filed a qualified opposition, requesting that the Court remand to USCIS with instructions to adjudicate the application within 30 days, irrespective of whether any background checks have been completed.

The Court finds it appropriate to remand this action to USCIS because that agency has considerably more expertise than the Court in adjudicating naturalization petitions. *See generally Ibrahim v. Still*, 2007 WL 841790 (N.D. Cal. Mar. 30, 2007) (discussing process of adjudicating such petitions). Although the Court is sympathetic to plaintiff's desire for a prompt adjudication of his application, the USCIS lacks authority to grant an application for naturalization until the background checks are completed. *See* 8 U.S.C. § 1446(a). Accordingly, the Court will remand this action to USCIS, with instructions to adjudicate plaintiff's application as soon as possible after receiving the background check results.

---

[1] 8 U.S.C. § 1446 addresses the process by which applicants for naturalization are investigated and examined.

2

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS defendants' motion for remand. (Docket No. 16). The USCIS shall adjudicate plaintiff's application for naturalization as soon as possible after the agency receives the results of the background checks.

**IT IS SO ORDERED.**

Dated: June 22, 2007

SUSAN ILLSTON
United States District Judge